IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALLAN R. RICHARDS,<br><br>                Plaintiff,<br><br>vs.<br><br>FIRST FRANKLIN LOAN SERVICES, *et al.*,<br><br>                Defendants. | **ORDER and**<br>**MEMORANDUM DECISION**<br><br><br>Case No. 2:11-cv-306 CW |

      Now before the court is a July 1, 2011 Report and Recommendation ("R & R") issued by Magistrate Judge Brooke C. Wells recommending that the court dismiss this case against Defendants FNMA and Residential Credit Solutions. (Dkt. No. 22.) In short, the R & R accepted the moving Defendants' arguments for dismissal and noted that Plaintiff Allan R. Richards had failed to respond to the motion. Instead of filing an objection to the R & R, on July 14, 2011 Mr. Richards filed what he entitled a "Response" to the motion to dismiss.

      Because Mr. Richards is acting pro se in this matter, the court will liberally construe his "Response" to be an objection to the R & R. In his "Response," Mr. Richards does not point to any part of the R & R that he believes erroneous. Moreover, Mr. Richards does not offer any specific, compelling reason why the motion to dismiss should be denied. Rather, Mr. Richards simply states that his complaint is sufficient in all respects. He further attaches 47 pages of documents, but does not explain the significance of the documents to this case.

      Nevertheless, the court has carefully reviewed the allegations of the complaint. In the complaint Mr. Richards sets forth a detailed statement of his attempts to address his loan situation. At this stage of the proceedings the allegations are presumed to be true. Those

allegations detail a course of conduct by First Franklin Loan Services and Residential Credit Solutions, Inc. that is appalling and disgraceful.  Notwithstanding repeated attempts by Mr. Richards to submit a request for loan modification, including several applications with supporting documentation, it appears no one ever processed his request or made a serious attempt to address the problems he was attempting, apparently in good faith, to resolve.  Moreover, the loan servicing agents repeatedly denied his request to verify that the entity actually was the proper holder in due course of the note and the right to enforce the note.  The facts Mr. Richard asserts are symptomatic of the home foreclosure crisis that is now plaguing the economy with drastic impacts on families such as Mr. Richards.  The court accepts that Mr. Richards has described conduct by the lender's representatives that is unacceptable.

The issue before the court, however, is whether Mr. Richards has stated a cognizable claim against any of the defendants for which this court has the authority to enter the requested relief.  Mr. Richard does not deny that he signed the promissory note, signed the deed of trust and received the money.  Nor does he deny that he defaulted on the loan and has been unable to make payments.  He does not identify any breach of the loan documents that would preclude the lender from exercising the rights Mr. Richards agreed to under the loan documents.  Mr. Richards does not plead facts that the defendants did not have proper authority to proceed with the foreclosure, only that he was entitled to see the original of the note to satisfy him that proper party was moving to foreclose.  Mr. Richards has proceeded in state court to stop the foreclosure and his claims were rejected. Construing the facts most favorably to Mr. Richards and giving him full benefit as to the liberality that should be granted a pro se litigant, Mr. Richards has failed to state a claim and there appears no basis to sustain an objection to the Report and Recommendation of

the Magistrate Judge.

Upon reviewing the motion to dismiss, the Report and Recommendation, and Mr. Richard's "Response," the court agrees with the recommendation that the moving Defendants' motion to dismiss be granted.

## CONCLUSION AND ORDER

For the foregoing reasons, the court GRANTS the motion dismiss by Defendants FNMA and Residential Credit Solutions, Inc. (Dkt. No. 17.)

SO ORDERED this 30th day of August, 2011.

BY THE COURT:

Clark Waddoups
United States District Judge